IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Teresa Traxler, | ) | C/A No.: 8:08-3141-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Teresa Traxler, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

1

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in July of 2004, alleging disability since July 30, 2002 due to fibromyalgia, right shoulder impingement, and arthritis. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 5, 2005. The ALJ thereafter denied plaintiff's claims in a decision issued July 3, 2006. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant is a 53-year-old female who completed ninth grade and has a high school general equivalency diploma (GED). Her past work experience includes employment as a hospital technician, optician assistant, computer instructor for children, and sales associate/cashier. She alleges that she became disabled in 2002 after a work-related accident on July 30, 2002. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from

3

performing some other available work.

The ALJ made the following findings in this case:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2003.

2. The claimant has engaged in substantial gainful activity relevant to this decision (20 CFR 404.1520(b) and 404.1471, *et seq*.).

3. Through the date last insured, the claimant had the following severe combination of impairments: fibromyalgia, right shoulder impingement and degenerative arthritis in the right knee (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity [to] stand, walk and sit for six hours in an eight-hour workday, to lift and carry 10 pounds with a heaviest weight lifted occasionally of 15 pounds, no push/pull over 15 pounds, with the option to sit/stand at will, no overhead reaching, and no squatting or kneeling.

6. Through the date last insured, the claimant's past relevant work as an optician assistant did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a "disability," as defined in the Social Security Act, at any time through September 30, 2003, the date last insured (20 CFR 404.1520(f)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 1, 2010, Magistrate Bruce H. Hendricks filed a report and recommendation ("R&R") suggesting that the action should be remanded to the Commissioner to evaluate whether the opinion of Plaintiff's treating physician in 2005 relates to the relevant time period and to properly evaluate Plaintiff's credibility. The defendant timely filed objections to the

R&R on February 18, 2010.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Treating Physician Dr. Chambers**

In his objections to the R&R, the commissioner contends that the magistrate judge erred in recommending that the case be remanded for further findings as to the opinion of the treating physician.[1] The defendant argues that the opinion of Dr. Chambers was rendered over one and one-half years after the expiration of Plaintiff's insured status and therefore "did not purport to provide an opinion regarding Plaintiff's condition prior to her date last insured-September 30, 2003; and, . . . his opinion was not corroborated by other evidence." (Objections, p. 2). The government additionally contends that any failure by the ALJ to set forth the weight given to the opinion of Dr. Chambers was not harmless.

---

[1] The defendant also asserts in his objections that the Magistrate found that substantial evidence supported the ALJ's credibility analysis. He does not specifically object to the recommendation that, if the case is remanded on the issues relating to the opinion of Dr. Chambers, the ALJ should also re-evaluate the plaintiff's credibility.

5

The Magistrate Judge recommended a remand to the ALJ to properly evaluate whether the opinion of Dr. Chambers related to the relevant time period, and if it did, then to make findings regarding the weight of the treating physician opinion that the claimant could only perform light work for four (4) hours per day.

> The undersigned may not simply presume what the ALJ meant. If he accepted the opinion as properly related to the insured period, then he had a duty to explain the weight afforded Dr. Chambers' opinion, as a treating physician, and why he rejected the limitation that the plaintiff only work 4 hours a day. . . He did not. If, on the other hand, he rejected the opinion as not properly reflective of the insured period, then that decision also should have been explained.

(Report, page 6).

The Magistrate further found the alleged error was not harmless on the basis of corroborative evidence in the record which could support a finding that the 2005 opinion relates to the relevant time period. The Court agrees with the analysis of this issue by the Magistrate Judge set forth on pages 4-7 of the Report. *See Millner v. Schweiker*, 725 F.2d 243,246 (4th Cir. 1984)("A treating physician's diagnosis of claimant's condition may be made after the relevant determination date and is entitled to significant weight if it is based on objective medical criteria.") **Credibility of Claimant**

The Court agrees that, on remand, the ALJ should also re-analyze the findings regarding the plaintiff's credibility.

## **Conclusion**

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference. The action is remanded to the

Commissioner to properly evaluate whether the opinion of Dr. Chambers is within the proper time frame, and, if so, to evaluate the proper weight given to his opinion as a treating physician and to properly evaluate the plaintiff's credibility.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

                                                      s/R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

March 23, 2010
Florence, South Carolina